UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| M. JAMES SEEMANN, | | |
| | Plaintiffs, | |
| v. | | 6:18-CV-502 |
| | | (LEK/ATB) |
| ROBERT L. SEEMANN, | | |
| | Defendant. | |

---

M. JAMES SEEMANN, Plaintiff pro se

ANDREW T. BAXTER, U.S. Magistrate Judge

### ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a complaint brought by plaintiff M. James Seemann, together with exhibits in support of the complaint. (Dkt. Nos. 1). Plaintiff has also filed a motion to proceed in forma pauperis ("IFP"). (Dkt. No. 2).

**I.      IFP Application**

A review of plaintiff's motion to proceed IFP shows that plaintiff alleges that he is employed by M. James Seemann, Inc., and makes $5,000.00 gross pay and $5,000.00 "take-home" pay per year. (Dkt. No. 2 at 1).  Plaintiff then states that he received $9,696.00 in Supplemental Security Income ("SSI") per year. (*Id.*)  Plaintiff states that he only has $250.00 in the bank, no assets, and no dependents. (*Id.* at 2).  He then states that his liabilities include power bills of $2,500.00 and "Stephanie Sheehan - $15,000." (*Id.*)

The court notes that plaintiff attached a Social Security Form 1099, entitled "Social Security Benefit Statement." (*Id.* at 3).  This statement provides that $9,696.00

was paid to "Martin J. Seemann" in 2017. (*Id.*) This amount matches the amount that plaintiff states that he received from Social Security. However, in the complaint, plaintiff alleges that Martin J. Seemann is plaintiff's father, and that Martin J. Seemann is diseased. (Complaint ("Compl.") at 1) (Dkt. No. 1). Plaintiff does not state when Martin J. Seemann died or why he is attaching the 1099 form to his IFP application, when it does not appear that the money was paid to plaintiff. Plaintiff's application to proceed IFP is thus, unclear at best.

    Normally, when a party's IFP application is incomplete or unclear, the court would afford the plaintiff an opportunity to file a corrected or properly completed application. However, in this case, the court finds that the action may be dismissed sua sponte, and it would be futile to require plaintiff to clarify his IFP application because the court would recommend dismissal in any event. Therefore, the court will assume that plaintiff meets the financial criteria for proceeding without the payment of fees.

    In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii).

    In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of

court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. Complaint

Plaintiff's complaint is a list of eight numbered statements that he alleges are "true to the best of his knowledge," together with a list of four numbered "requests" for relief. (Compl. at 1). Plaintiff states that he is the son of "the late Martin J. Seeman." Plaintiff states that Martin Seemann gave a power of attorney to Robert L. Seemann, who appears to be a citizen of California. Plaintiff claims that Martin was represented

3

by Robert's attorney. Plaintiff claims that Robert "gave himself" controlling interest in Martin's home, located in New Hartford, New York, but that Martin believed that Robert was "just cosigning a loan not taking control of [Martin's] home." (*Id.*) Plaintiff claims that Martin was in his 80's and feared losing his home. Plaintiff then states that "felony fraud has no statute of limitations." (*Id.*) Plaintiff appears to be alleging that Robert committed fraud when he "gave himself" control of Martin's home. Plaintiff has attached a "Recording Certificate" stamped with the signature of the Oneida County Clerk on November 13, 1998 and a "Warranty Deed" signed in California by Robert L. Seemann on November 10, 1998. (Compl. at 2, 3).

Plaintiff asks the court to "void" the transfer of Martin's home, and that the ownership of the propery be "returned to the estate of Martin J. Seemann." Plaintiff also asks that Martin Seemann's heirs be awarded $250,000.00 in damages for the grief that Martin endured and for the mental stress that his heirs endured. Plaintiff also asks that Robert's "broker's licence [be] revoked," and that the findings of this court be turned over the District Attorney for criminal prosecution. (*Id.*)

## III.   Subject Matter Jurisdiction

### A.   Legal Standards

Subject matter jurisdiction can never be waived or forfeited. *ACCD Global Agriculture, Inc. v. Perry*, No. 12 Civ. 6286, 2013 WL 840706, at *1 (S.D.N.Y. March 1, 2013) (quoting *Dumann Realty, LLC v. Faust,* No. 09 Civ. 7651, 2013 WL 30672, at *1 (S.D.N.Y. Jan. 3, 2013) (citing *Gonzalez v. Thaler*, 562 U.S. 428, 434-35 (2012); *Henderson ex rel. Henderson v. Shinseki*, 428 U.S. 428, 434-35 (2011)). Federal courts

are mandated to sua sponte examine their own jurisdiction at every stage of the litigation. *Id.*

When a plaintiff is pro se, the court must interpret the complaint liberally. *Sealed Plaintiff v. Sealed Defendants*, 537 F.3d 185, 191 (2d Cir. 2008). The court considers all possible grounds for relief that plaintiff could be raising. *See Burgos v. Hopkins*, *supra*.

**B.     Application**

Diversity jurisdiction appears to be the only possible basis for jurisdiction in plaintiff's complaint. Diversity jurisdiction is based upon 28 U.S.C. § 1332 and requires that the plaintiff and defendant be citizens of different states and that there be at least $75,000 in controversy. Based on the addresses listed for plaintiff and for Robert Seemann, the citizenship requirement may be met. Robert's address is in California, and the Warranty deed was signed by Robert in California. The property at issue in this action and plaintiff James Seeman are both in Oneida County. In fact, plaintiff lives in the house which he claims is the subject of the fraudulent transfer.

Although the value of the house is not stated in the complaint, plaintiff requests $250,000.00 in damages. There is a rebuttable presumption that the face of the complaint is a "good faith" representation of the amount in controversy. *American Safety Cas. Ins. Co. v. 385 Onderdonk Ave., LLC*, 124 F. Supp. 2d 237, 241 (E.D.N.Y. 2015) (citing inter alia *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003)). Thus, particularly for purposes of sua sponte review, the court finds that plaintiff has alleged enough to meet the jurisdictional amount, and the court

may proceed to consider other bases for the dismissal of plaintiff's action.[1]

In addition, the court notes that because the plaintiff seeks to void the transfer of an asset that is purportedly in the defendant's possession, which did not become part of Martin's estate, the "probate exception" to federal jurisdiction does not apply. *See Bartone v. Podbeta*, No. 17-CV-3039, 2018 WL 1033250, at *4, 6 (E.D.N.Y. Feb. 23, 2018) (explaining that the "probate exception" holds that federal courts sitting in diversity jurisdiction are divested from hearing 'probate matters' which would interfere with probate proceedings).

## IV. Representation

### A. Legal Standards

It is well-settled that a person who has not been admitted to practice law may not represent anyone other than himself. *Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007). *See also* 28 U.S.C. § 1654. A limited exception exists if an individual appears for an estate in which there are no other beneficiaries or creditors. *See Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010). In *Berrios v. N.Y. City Housing Authority*, 564 F.3d 130, 133 (2d Cir. 2009), the court made it clear that the rule prohibits an entity from proceeding *pro se*. This rule applies to a corporation of which plaintiff is the sole shareholder; a limited liability company of which he is the sole member; a partnership of which he is a partner; a co-party in the litigation; an estate that has beneficiaries or creditors other than the lay litigant; or a minor child. *Id.*

---

[1] If the court lacked subject matter jurisdiction, it would not be able to consider or dismiss the action on the merits, but would be constrained to dismiss the action without prejudice, based solely on lack of jurisdiction. *See Wilson v. Taxi and Limousine Comm'n*, No. 18-CV-312, 2018 WL 1832926, at *2 (E.D.N.Y. Apr. 17, 2018).

Courts have also disapproved any circumvention of this rule by the "procedural device" of assigning the corporation's claims to the lay individual. *See Sanchez v. Walentin*, No. 10-CV-7815, 2012 WL 336159 (S.D.N.Y. Jan. 31, 2012) (citing cases). In *Guest v. Hansen*, 603 F.3d at 20, the Second Circuit stated that the court has a responsibility to ensure appropriate representation for the parties appearing before it, even if those parties do not raise the issue.

**B.     Application**

Plaintiff James Seemann has brought this action in his own name, stating that he is the son of the late Martin J. Seemann. Plaintiff claims that the fraud was committed by Robert Seemann against Martin Seemann, not against James. Plaintiff requests that the transfer of the property be voided and returned to the Estate of Martin Seemann. He also asks for monetary damages on behalf of Martin Seemann and his "heirs," for the mental distress "they" suffered, implying that James may not be the only heir.

However, the Estate of Martin Seemann is not a party to this action, and plaintiff may not represent the Estate of his late father,[2] unless plaintiff can show that he is the only heir, and that there are no creditors or any other individuals or entities with an interest in the Estate. It is also unclear who defendant Robert Seemann is. With such an unusual name, it would be very coincidental if Robert were not also a relative of the diseased Martin. Plaintiff may certainly not represent any other unnamed heirs to which he appears to refer. Thus, to the extent that plaintiff purports to represent the Estate or ask for relief on its behalf, or on behalf of heirs other than himself, plaintiff

---

[2] Plaintiff does not allege that he is either the Executor of the Estate, nor does he even allege that he is a beneficiary of the Estate.

7

may not proceed without the Estate as a party and without an attorney to represent the Estate.

## V. Standing

### A. Legal Standards

The court will analyze this action bases on the law applicable in diversity actions. Federal courts sitting in diversity look to the choice of law rules of the forum state. *Int'l Bus. Mach. Corp. v. Liberty Mutual Ins. Co.*, 363 F.3d 137, 143 (2d Cir. 2004) (citation omitted). In this case, the real property at issue is located in the Northern District of New York, and plaintiff is a citizen of New York. Defendant Robert Seemann appears to be a California citizen. The choice of law would be between New York and California. However, the court need not engage in a complicated discussion of choice of law because even California law provides that "'questions affecting the title to real property are determined by the law of the jurisdiction where the property is located . . . ." *Savitsk v. Mazzella*, No. 98 Civ. 9051, 2004 WL 2454120, at *3 (S.D.N.Y. 2004) (citations omitted). Thus, the appropriate law governing this action would be the law of New York State.

Under New York law, a cause of action for injury to person or property is not lost because of the death of the person in whose favor the cause of action existed because such a cause of action may be maintained by the decedent's personal representative. *Stallsworth v. Stallsworth*, 138 A.D.3d 1102 (2d Dep't 2016). A "beneficiary, absent extraordinary circumstances" has no authority to act on behalf of the estate or to exercise a fiduciary's rights with respect to estate property. *Id.* at 1102. The

appropriate avenue is for the action to be brought by the estate representative pursuant to the New York Estates Powers and Trusts Law. *Id.* at 1102-1103.  In *Stallsworth*, the court held that the plaintiff beneficiaries lacked standing to commence an action "to recover and preserve an asset alleged to have been wrongfully diverted from the decedent's estate prior to her death." *Id.* at 1103 (citations omitted).  The individual beneficiaries had no "independent right to maintain an independent cause of action for recovery of estate property" because that right belonged to the personal representative of the decedent's estate.

### B.     Application

Plaintiff in this case seeks to void a transfer of property that occurred prior to Martin's death that plaintiff believes was fraudulently induced by Robert.  Plaintiff does not allege that he is the personal representative of the estate or even a beneficiary under Martin's will if one existed.[3]  Thus, plaintiff, as an individual, would have no standing to bring this action, even if he were represented by counsel.

Although not necessary to this recommendation, the court must also point out that the documents attached to plaintiff's complaint do not appear to support the claim that he is apparently attempting to make.  Plaintiff has attached the Recording Certificate for the property, stamped by the Oneida County Clerk on November 13, 1998. (Dkt. No. 1 at 2).  Plaintiff has also attached a Warranty Deed, reflecting the

---

[3] The fact that plaintiff is the decedent's son does not automatically make him a beneficiary of the estate.  However, for the sake of analysis, this court will assume that he has sufficiently implied that he is a beneficiary.  In any event, as stated above, James may not proceed pro se on behalf of estate.

9

transfer of the property in question, dated November 10, 1998.[4]  First, the court would point out that the Warranty Deed indicates that Robert owned the property in question, and on November 10, 1998, he conveyed an interest to Martin. (Dkt. No. 1 at 3).  The interest conveyed was joint tenancy with the right of survivorship. (*Id.*)

Conveying the property to Martin as a joint tenant with Robert, with the right of survivorship means that when Martin died, the property would automatically go back to Robert and would not become part of Martin's estate. *See Gass v. Mamedova Braz*, No. 15 Civ. 3799, 2017 WL 3588944, at *11-12 (S.D.N.Y. Aug. 18, 2017) (discussing the properties of a joint tenancy).  In a joint tenancy, "'[u]pon the death of the joint tenant, that tenant's share in the property does not pass through the will or the rules of intestate succession; rather, the remaining tenant or tenants automatically inherit it.'" *Id.* (quoting *United States v. Craft*, 535 U.S. 274, 280 (2002)).

A review of the back of the Warranty deed shows that the property in question was conveyed to the "grantor" - Robert Seemann "by deed dated May 26, 1998 and recorded June 19, 1998." (Dkt. No. 1 at 4).  It appears that Robert obtained the property in May of 1998, before conveying the joint tenancy to Martin in November of the same year.  The deed does not indicate from whom Robert obtained the property, but plaintiff in this case may be claiming that the May transaction may have been from Martin to Robert.  If that were the case, Robert would have obtained "controlling" interest from

---

[4] The court realizes that 1998 is twenty years ago.  The court will not discuss the potential statute of limitations argument because, although the relevant New York State Law provides for a six-year statute of limitations, the law also provides that the statute is the "greater" of either six years from the accrual of the action or two years from the time that the plaintiff could have discovered the fraud with reasonable diligence. N.Y. Civ. Prac. L. & R. § 213(8).  Thus, a discussion of the statute of limitations would be beyond the analysis involved in an initial review, and not necessary in this case.

Martin. That scenario would be more consistent with plaintiff's claims herein. In any event, regardless of the actual nature of the transaction or transactions, plaintiff herein does not assert any individual interest in the property, except to state that the property should have gone into the estate of Martin, which in turn, may have been in some way distributed to plaintiff, and whatever other heirs existed, upon Martin's death.[5]

## VIII. Opportunity to Amend

### A. Legal Standards

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). In this case, the court finds that any attempt by the plaintiff to amend this complaint would be futile.

### B. Application

To the extent that plaintiff is asserting the rights of the Estate, he may not represent the estate or any other individual beneficiary. Unless plaintiff is the Executor of the Estate or has himself appointed as an administrator by the New York State Surrogates Court, he may not bring an action on behalf of the Estate even if he was a beneficiary and obtained counsel. Finally, to the extent that plaintiff alleges that Robert defrauded Martin in his attempt to obtain the property in question, plaintiff may not assert the rights of others. *See Rajamin v. Deutsche Bank Nat. Trust Co.*, 757 F.3d 79,

---

[5] Plaintiff also does not indicate whether Martin had a will. Such a document could have changed the distribution of the assets in the estate. Plaintiff does not state when Martin died, and whether the estate is still open.

79, 86 (2d Cir. 2014) (prudential standing rule normally bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves). This court finds that any attempt by plaintiff to amend this action would be futile.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that the complaint be **DISMISSED IN ITS ENTIRETY** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: May 2, 2018

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge